IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | |
| ) | Civil No. 2:15cv-368-WHA |
| STATE OF ALABAMA AND ) | |
| ALABAMA DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| DEFENDANTS. ) | |

## COMPLAINT

PLAINTIFF, THE UNITED STATES OF AMERICA, by its undersigned attorneys, hereby alleges upon information and belief:

1. The United States files this Complaint pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, to enjoin the named Defendants from depriving persons incarcerated at the Julia Tutwiler Prison for Women in Wetumpka, Alabama, of rights, privileges, or immunities secured and protected by the Constitution of the United States.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.

3. The United States is authorized to initiate this action pursuant to 42 U.S.C. § 1997a(a).

4. The Attorney General has certified that all pre-filing requirements specified in 42 U.S.C. § 1997b have been met. The Certificate of the Attorney General is appended to this Complaint as Attachment A and is incorporated herein.

– 2 –

5. Venue in the United States District Court for the Middle District of Alabama is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff is the UNITED STATES OF AMERICA.

7. Defendants STATE OF ALABAMA and ALABAMA DEPARTMENT OF CORRECTIONS operate Tutwiler, and are responsible for the safety, care, custody, and control of women incarcerated there, as well as for the actions of the Tutwiler and Alabama Department of Corrections staff and for the actions of any entity or individual contracting and providing services at Tutwiler.

8. At all relevant times, Defendants have acted or failed to act under color of state law.

## FACTS

9. Tutwiler is an institution within the meaning of 42 U.S.C. § 1997(1).

10. Tutwiler is a maximum-security prison for women in Wetumpka, Alabama with a capacity of 975.

11. In 2013, the Department of Justice's Civil Rights Division, Special Litigation Section investigated allegations of staff sexual abuse and sexual harassment of Tutwiler prisoners, and determined that Defendants, through their acts and omissions, engage in a pattern or practice of deliberately disregarding known or serious risks of harm from sexual abuse and sexual harassment of Tutwiler prisoners.

12. The United States' investigation included an on-site inspection with an expert consultant in custodial sexual abuse and sexual harassment, during which Department of Justice representatives toured the prison, interviewed staff and prisoners, and reviewed a wide array of documents, including policies, procedures, reports and training records.

- 3 -

13. The United States' findings are outlined in its January 17, 2014 Findings Letter regarding constitutional violations at Tutwiler, including those described in paragraphs 14 through 25 below.

14. Women prisoners at Tutwiler suffer serious harm from sexual abuse and sexual harassment by staff, including rape, fondling, voyeurism, and sexually explicit verbal abuse.

15. Women prisoners at Tutwiler are subjected to the high risk and threat of sexual abuse by staff.

16. Defendants have allowed Tutwiler staff members to encourage individual and group sexual activities by and among prisoners.

17. Defendants have allowed a sexualized environment to exist at Tutwiler, such that sexual abuse and sexual harassment are constant, and prisoners must sometimes submit to unlawful sexual advances from staff in order to obtain necessities or to avoid punishment.

18. Defendants do not have a grievance system, or other reliable reporting system, and thereby effectively deny women prisoners the ability to report sexual abuse and sexual harassment.

19. Defendants retaliate against women who attempt to report sexual abuse and sexual harassment. Women prisoners who attempt to report such abuse are routinely placed in segregation and face threats of physical assault by staff.

20. Defendants fail to adequately investigate allegations of sexual abuse and harassment.

21. Defendants fail to appropriately discipline officers found to have engaged in sexual abuse. For example, several officers have been permitted to resign in lieu of termination after having allegedly engaged in sexual abuse. Other staff alleged to have engaged in sexual abuse or sexual harassment have been reassigned to other ADOC facilities. Similarly, high-level Tutwiler officials who allowed the climate of sexual abuse and sexual harassment to

– 4 –

flourish received transfers to equally high or higher level positions at other ADOC facilities.

22. Defendants have failed to institute gender-responsive policies and procedures to address sexual abuse and sexual harassment and to remedy the sexualized atmosphere at Tutwiler.

23. Defendants have failed to collect and analyze data to identify potential misconduct before it occurs, thus subjecting prisoners to sexual harassment and sexual abuse that could have been prevented.

24. Defendants have maintained dangerously low staffing levels, including a dearth of female officers, thus placing prisoners at serious risk of harm from other prisoners and staff.

25. Defendants' classification system does not identify or protect potential victims from abuse, thereby dispersing vulnerable populations amongst the various units and subjecting them to risk of harm. In addition, Tutwiler has no pre-classification screening, so that prisoners spend weeks waiting for a housing assignment without any assessment of risk.

26. The factual allegations set forth in paragraphs 13 through 25 have been obvious and known to Defendants for a substantial period of time, yet Defendants have deliberately failed to adequately address the conditions described.

27. In 1994, the Department of Justice's Civil Rights Division, Special Litigation Section investigated Tutwiler and consequently issued a Findings Letter on March 27, 1995, informing Defendants of, *inter alia*, inappropriate sexual contact between staff and prisoners.

28. In 2007, the Department of Justice's Office of Justice Programs, Bureau of Justice Statistics published a report in which it identified Tutwiler as the women's prison with the highest rate of sexual assault allegations in the country.

– 5 –

29. In 2012, the Equal Justice Initiative issued a report detailing staff sexual violence against women prisoners at Tutwiler, indicating that little had changed since the 2007 findings by the Bureau of Justice Statistics.

30. On November 1, 2012, the NIC issued a letter to Defendants indentifying deficiencies at Tutwiler that contributed to the sexualized environment and harm to prisoners.

## VIOLATIONS ALLEGED

31. The allegations of Paragraphs 1 through 30 are hereby re-alleged and incorporated by reference.

32. Through the acts and omissions alleged in paragraphs 13 through 30, Defendants have subjected prisoners at Tutwiler to a pattern and practice of conditions of confinement that deprive them of rights, privileges, and immunities secured and protected under the Constitution of the United States, causing such prisoners to suffer grievous harm. U.S. Const. Amend. VIII.

33. Through the acts and omissions alleged in paragraphs 13 through 30, Defendants have exhibited deliberate indifference to the health and safety of Tutwiler prisoners, in violation of the rights, privileges, or immunities of those prisoners as secured or protected by the Constitution of the United States. U.S. Const. Amend. VIII.

34. Unless restrained by this Court, Defendants will continue to engage in the acts and omissions, set forth in paragraphs 13 through 30, that deprive persons confined at Tutwiler of privileges or immunities secured or protected by the Constitution of the United States.

## **PRAYER FOR RELIEF**

35. The Attorney General is authorized under 42 U.S.C. § 1997a to seek appropriate equitable relief.

36. WHEREFORE, the United States prays that this Court enter an order:

    a. declaring that the acts, omissions, and practices of Defendants set forth in paragraphs 13 through 30 above constitute a pattern or practice of conduct that deprives prisoners confined at Tutwiler of rights, privileges, or immunities secured or protected by the Constitution of the United States and that those acts, omissions, and practices violate the Constitution of the United States;

    b. permanently enjoining Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts, omissions, and practices set forth in paragraphs 13 through 30 above and requiring Defendants to take such actions as will ensure lawful conditions of confinement are afforded to prisoners at Tutwiler; and

    c. granting such other and further equitable relief as it may deem just and proper.

Respectfully submitted,

FOR THE UNITED STATES:

_/s/ Loretta E. Lynch_
LORETTA E. LYNCH
Attorney General
United States

| | |
|---|---|
| GEORGE L. BECK JR.,<br>UNITED STATES ATTORNEY | VANITA GUPTA<br>Principal Deputy Assistant Attorney General<br>Civil Rights Division<br><br>_____<br>MARK KAPPELHOFF<br>Deputy Assistant Attorney General<br>Civil Rights Division<br><br>_____<br>JUDITH C. PRESTON<br>Acting Chief<br>Special Litigation Section |
| By: _____<br>ROBERT ANDERSON<br>Assistant United States Attorney<br>United States Attorney's Office<br>Middle District of Alabama<br>131 Clayton Street<br>Montgomery, AL 36104<br>Telephone: (334) 223-7280<br>Facsimile: (334) 223-7560<br>Email: Robert.Anderson@usdoj.gov | _____<br>JULIE K. ABBATE<br>Deputy Chief<br>Special Litigation Section<br><br>_____<br>AARON S. FLEISHER<br>ZAZY I. LOPEZ<br>Trial Attorneys<br>Special Litigation Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>Telephone: (202) 307-6457<br>Facsimile: (202) 514-6903<br>Email: aaron.fleisher@usdoj.gov |