```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

          MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA,    )
                             )
     Plaintiff,              )
                             )      CIVIL ACTION NO.
     v.                      )        2:15cv368-MHT
                             )            (WO)
STATE OF ALABAMA and         )
ALABAMA DEPARTMENT OF        )
CORRECTIONS,                 )
                             )
     Defendants.             )
```

OPINION AND ORDER

Pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997 *et seq.*, plaintiff United States of America filed this lawsuit naming as defendants the State of Alabama and the Alabama Department of Corrections (hereinafter jointly referred to as "the State") and claiming that the State has subjected prisoners at the Julia Tutwiler Prison for Women to an ongoing and systemic practice of sexual abuse and sexual harassment in violation of the Eighth Amendment.  The court has jurisdiction over this action

under 28 U.S.C. §§ 1331 (federal question) and 1345 (proceeding commenced by United States).

On June 18, 2015, the court adopted the terms of the parties' settlement agreement as a consent decree of this court; dismissed the lawsuit, albeit conditionally and without prejudice, that is, with final dismissal dependent on compliance with the settlement agreement; and retained jurisdiction for the purposes of enforcing the consent decree, resolving any disputes arising out of the agreement, and entering final dismissal of the matter as contemplated by the agreement in accordance with federal law. *United States v. Alabama*, No. 2:15cv368-MHT, 2015 WL 3796526, at *1 (M.D. Ala. June 18, 2015) (Thompson, J.). The consent decree provides that the court will receive compliance reports from an "independent monitor, a corrections expert who will ensure that the terms of the agreement are met." *Id.* at *2.

This cause is now before the court on the parties' proposed transition plan and order, which recommends

2

appointing an internal monitor following the resignation of the external monitor, Dr. Kathleen Dennehy. Having reviewed the parties' proposal, and based on the representations made on the record at a status conference on October 12, 2023, the court will adopt the transition plan, including its findings.

***

Accordingly, it is ORDERED that, based on the parties' proposed transition plan and order (Doc. 112 and Doc. 112-1):

(1) The court finds as follows:

(a) The State remains in substantial compliance with 41 of the consent decree's 44 compliance measures. The State is in partial compliance with the other three requirements. *See* Fifteenth Monitoring Report (Doc. 101-2) at 14. The consent decree requires the State to achieve substantial compliance with all 44 requirements. *See* Consent Decree (Doc. 11) ¶X.B.

(b) As a result, continued monitoring of compliance with the consent decree is required following Dr. Kathleen Dennehy's resignation.

(c) The court-appointed monitor's duties should be transitioned to a new internal monitoring system.

(2) The consent decree remains in effect. This order does not waive any consent decree requirements, except as expressly indicated.

(3) The parties' joint request to transition to a system of internal monitoring (Doc. 112 and Doc. 112-1) is granted. Therefore, the compliance evaluation function shall transition from external monitoring to a system of internal evaluation with substantial input from the United States. Future site visits and compliance reports shall be completed as required by the consent decree by an internal monitor appointed by the State.

(4) Within seven days of this order, the State shall designate Deidra Wright as the internal monitor responsible for overseeing compliance with the consent

4

decree. Within 30 days of this order, the State shall establish a "Compliance Office" to support Compliance Officer Wright. Members of the Compliance Office shall be Alabama Department of Corrections (ADOC) staff with sufficient knowledge and authority to help achieve and maintain substantial compliance with the consent decree.

(5) Compliance Officer Wright shall prepare for and attend site visits, participate in all status conferences held by the court, and work with the State and the United States to develop a plan to achieve and maintain substantial compliance with the consent decree. She will respond to the United States's reasonable requests for documents and information that are not privileged or sealed pursuant to a court order.

(6) If the former monitor, Dr. Dennehy, is willing to assist Compliance Officer Wright through the transition from external to internal monitoring, the State will fund Dr. Dennehy to the extent necessary to enable her to do so.

(7) Compliance Officer Wright's first compliance report (the "Sixteenth Compliance Report") will be filed by January 5, 2024.  Future compliance reports shall be due on the second Tuesday of January and July of each year.  The draft of each report will be provided to the United States at least 30 days before the due date, and the United States will have 15 days to review and comment on the draft.  Any conflicts that arise regarding the status of compliance with a requirement of the consent decree shall be discussed during the commenting period, and if the conflict cannot be resolved, the parties may bring the concern to the court for discussion.  The compliance reports will continue to discuss the status of the consent decree provisions and the steps taken by the State to assess the status of each provision.  A status conference shall follow the filing of each biannual report.

(8) The Sixteenth Compliance Report shall describe for the court, among other things: the formation and

functions of the Compliance Office; the compliance status of the consent decree provisions; methods and analysis relied upon for the report; current staffing vacancy rates and other supporting staffing data, including any updated staffing analysis for the Tutwiler facility; whether Compliance Officer Wright has conferred with Dr. Dennehy; and Compliance Officer Wright's independent views on Dr. Dennehy's outstanding recommendations, which Compliance Officer Wright should be prepared to discuss with the court at the next status conference. *See* Monitor's Requests (Doc. 91-1).

(9) The State will immediately notify the court and the United States if Compliance Officer Wright can no longer fulfill her duties. Should a vacancy arise, the State will promptly fill the position with an individual who has sufficient expertise, time, and authority. The compliance report due dates will remain the same unless either party obtains an extension from the court.

(10) Monitoring over the 41 requirements of the consent decree with which the State has achieved substantial compliance will continue for at least two more monitoring periods.  If the Sixteenth and Seventeenth Compliance Reports determine that the State has remained in substantial compliance with those requirements, the parties may move to dismiss the corresponding provisions of the consent decree.  For all other requirements, monitoring shall continue until the State achieves substantial compliance for three consecutive monitoring periods.

(11) The United States shall retain all existing rights under the consent decree.  The United States may participate in biannual site visits, consult ADOC leadership and facility staff, speak privately with women housed at Tutwiler, and review documents needed to assess compliance with the consent decree.  The State shall produce reoccurring reports and other documents it previously provided the external monitor to the United States.

(12) The State retains the right to move to terminate the consent decree.

(13) Either party may move to reinstate external monitoring over any provision of the consent decree. The court shall grant the motion if it concludes, after an evidentiary hearing, that the system of internal monitoring has failed to fulfill the responsibilities the consent decree assigned to the monitor. Any chronic delinquencies in providing documents and information to the United States as required by the consent decree or this order shall constitute good cause to reinstate an external monitor.

(14) The parties shall hold monthly meetings with Compliance Officer Wright to discuss the status of efforts to achieve and maintain substantial compliance with the consent decree. The parties shall also discuss how they will respond to Dr. Dennehy's outstanding recommendations. These monthly meetings shall occur on or near the first of every month.

(15) No additional findings under the Prison Litigation Reform Act (18 U.S.C. § 3626) are necessary to order implementation of this transition plan and order.  While the parties have agreed to such in the transition plan, they should in tandem with the filing of the next compliance report indicate why this is so.

DONE, this the 27th day of October, 2023.

                                            /s/ Myron H. Thompson
                                     **UNITED STATES DISTRICT JUDGE**