IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:15cv368-MHT |
| | ) | (WO) |
| STATE OF ALABAMA and | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER REGARDING BENCHMARKS AND TIMELINES

In their joint statements as to the status of the consent decree, the parties have kept the court apprised on their progress toward achieving informal benchmarks and deadlines. The court now wishes to confirm that none of those informal benchmarks and deadlines remain outstanding.

On September 30, 2021, the court ordered the parties to develop a proposed timeline for updating Tutwiler Prison's staffing analysis and establishing informal benchmarks for correctional staffing. The parties submitted a proposed timeline in response to

the court's order on March 21, 2022.  The State updated
the staffing analysis in November 2022, developed
targets "concerning achieving identified staffing
levels by July 2025" in December 2022, and shared those
targets with the former external monitor, Dr. Kathleen
Dennehy, in January 2023.  Joint Statement (Doc. 124)
at 10.  The court has not identified any outstanding
requirements among the parties' informal benchmarks and
deadlines related to correctional staffing.

On April 13, 2022, the court ordered the parties to
submit a proposed timeline for the State's
"implementation of validated and gender-normed entry
standards for correctional officers."  Order (Doc. 66)
at 2.  The timeline submitted by the parties
anticipated a meeting between Dr. Dennehy and the
Alabama Peace Officers' Standards and Training
Commission (APOSTC) to discuss changes to the physical
ability/agility test (PAAT).  As the Sixteenth
Compliance Report explained, APOSTC approved the
State's request to modify the PAAT beginning on October

2

1, 2022.   Now that the modified PAAT has been implemented, the parties' informal timeline for negotiating with APOSTC no longer appears relevant.

Finally, in setting the most recent status conference, the court ordered the parties to "indicate whether any of the informal benchmarks ... remain outstanding and, if so, what progress the parties have made toward achieving them."  Order (Doc. 114) at 1-2. The joint statement represents that the State has satisfied all requirements that were previously outstanding.

***

Accordingly, it is ORDERED that, on or before March 4, 2024, the parties shall confirm whether the statements in the above paragraphs are accurate and, if not, how so, and whether any of their informal benchmarks and deadlines remain outstanding and, if so, how so.

DONE, this the 20th day of February, 2024.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

3