IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA,   )
                            )
       Plaintiff,           )
                            )        CIVIL ACTION NO.
       v.                   )        2:15cv368-MHT
                            )           (WO)
STATE OF ALABAMA and        )
ALABAMA DEPARTMENT OF       )
CORRECTIONS,                )
                            )
       Defendants.          )
```

ORDER

During a status conference on February 15, 2024, the court reviewed an array of issues related to staffing at Tutwiler Prison (including the vacancy rate, recruitment efforts, pay raises, camera coverage, and professional development), the physical fitness standards for guards, ongoing efforts to validate a gender-responsive classification instrument, and Tutwiler's compliance with the Prison Rape Elimination Act (PREA). Among these issues, two concerns emerged.

First, the court requires more information from the Department of Justice and the monitor to assess the

DOJ's objections to the Sixteenth Compliance Report. The court needs elaboration from the DOJ's experts about what problems they identified in Tutwiler's investigations of PREA complaints, including whether such problems were systemic enough to merit downgrading the State's compliance status.  The court finds that although Compliance Officer Deidra Wright confirmed that the State reverted to the original protocol for investigating PREA complaints at Tutwiler, her response to the DOJ's concerns and discussion of whether Tutwiler's investigations were timely and comprehensive was cursory.  For example, she does not explain what she means when she mentions "discrepancies" and an "extended timeframe" in her discussion of Tutwiler's handling of PREA investigations.  *See* Sixteenth Compliance Report (Doc. 118-1) at 54.

Second, the court requires clarification about the basis for the parties' disagreement over "whether the updated staffing analysis confirms the State's staffing calculations and resolves concerns raised by the former

Independent Monitor as to those calculations and Tutwiler's specific needs." Joint Statement (Doc. 124) at 8. The DOJ has not explained what "specific needs" the staffing analysis should address and why it suspects the staffing analysis has not addressed them. Because the DOJ has not specified its concerns, Compliance Officer Wright has not had an opportunity to give her independent views on them.

**\*\*\***

Accordingly, it is ORDERED as follows:

(1) On or before March 4, 2024, the Department of Justice shall file a report with the court, which shall include submissions by its experts as necessary, addressing the following questions:

(a) What issues were identified in Tutwiler's investigations into PREA complaints?

(b) How common were those issues among the investigations reviewed?

(c) Why do the experts' concerns justify downgrading the State's compliance status for each of

the four relevant consent decree requirements from the compliance chart?

(d) Why does the DOJ believe the staffing analysis is inadequate?

(e) What specific needs of Tutwiler does the staffing analysis fail to address?

(f) As far as the DOJ is aware, does the staffing analysis use the same staff-to-inmate ratio for men's and women's facilities?

(2) On or before March 18, 2024, Compliance Officer Deidra Wright shall file a report with the court addressing the following questions:

(a) What were the "discrepancies" and "extended timeframe" alluded to in the Sixteenth Compliance Report's discussion of PREA investigations? *See* Sixteenth Compliance Report (Doc. 118-1) at 54.

(b) How does she respond to the DOJ's concerns regarding Tutwiler's handling of PREA investigations?

(c) How does she respond to the DOJ's concerns regarding whether the staffing analysis is

gender-responsive and otherwise tailored to Tutwiler's needs?

DONE, this the 20th day of February, 2024.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE