**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:15-cv-00368-MHT** |
| | ) | |
| **STATE OF ALABAMA AND** | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THE STATE'S MOTION TO
<u>TERMINATE THE CONSENT DECREE</u>**

The State of Alabama and the Alabama Department of Corrections ("ADOC"

and, together with the State of Alabama, the "State") hereby submit, pursuant to 18

U.S.C. § 3626(b)(1)(A)(i), this Motion to Terminate the Remaining Provisions of

the Consent Decree (the "<u>Motion</u>").  The State requests that the Court terminate

Sections III.C.1-2 (the "<u>Staffing Provisions</u>") and Sections III.K.2, III.K.5-9,

III.K.12, and III.K.14-16 (the "<u>PREA Provisions</u>," and, collectively with the Staffing

Provisions, the "<u>Remaining Provisions</u>") of the Consent Decree regarding Julia

Tutwiler Prison for Women ("<u>Tutwiler</u>") (Doc. 11).  In support of this Motion, the

State submits the accompanying Memorandum of Law filed separately, and the State

moves for the immediate termination of the Consent Decree (Doc. 11) based upon

the following:

1

1.    This Court entered the Consent Decree on June 18, 2015, "with the goal of ensuring that inmates at the Julia Tutwiler Prison for Women are provided with constitutional conditions that protect them from sexual abuse and sexual harassment." (Doc. 11).  The State and its staff at Tutwiler devoted the past ten years undertaking tasks effectively altering the circumstances at Tutwiler to satisfy any concerns related to the State's compliance with the minimal constitutional standards and to comply with the Consent Decree. (Doc. 11).  During this time, the State established robust and institutionalized systems to reflect the objectives of the Consent Decree, far exceeding the minimum constitutional standards.

2.    On September 26, 2024, the Court granted the Parties' joint motion to terminate the following sections of the Consent Decree: Section III.A., Section III.B., Section III.D., Section III.E., Section III.F., Section III.G., Section III.H., Section III.I., Section III.J., Section III.K.1, Section III.K.3-4, Section III.K.10-11, Section III.K.13, Section III.K.17-18, Section III.L., Section III.M., and Section IV. (Doc. 152).  Following the joint motion to terminate, eleven sections remained, including "Sections III.C.1, III.C.2, III.K.2, III.K.5-9, III.K.12, and III.K.14-16." (Id. at 2).

3.    As discussed in more detail in the supporting Memorandum, pursuant to the Prison Litigation Reform Act, 18 U.S.C. § 3626(b)(1)(A)(i) (the "PLRA"), and the terms of the Consent Decree, the State moves to terminate the Remaining

2

Provisions of the Consent Decree and all activities pertaining to the related court oversight of and monitoring of Tutwiler.

4.      Under the PLRA, prospective "relief shall be terminable upon the motion of any party or intervener … 2 years after the date the court granted or approved the prospective relief[.]" 18 U.S.C. § 3626(b)(1)(A)(i).   To deny termination, the Court must make "written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of [a] Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation." 18 U.S.C. § 3626(b)(3).  Accordingly, the Consent Decree is now ripe for termination under the PLRA.

5.      The PLRA places the burden of proof on Plaintiff to demonstrate that a current and ongoing violation exists so as to avoid termination. Cason v. Seckinger, 231 F.3d 777, 784 (11th Cir. 2000).  Thus, Plaintiff must come forward with evidence that current and ongoing violations exist as to the Staffing and PREA Investigation provisions at Tutwiler and that continued monitoring of the Remaining Provisions of the Consent Decree remains necessary to correct those alleged violations.  (Id.).  Plaintiff cannot do so.

6.      When determining whether a "current and ongoing" constitutional violation exists as to the Remaining Provisions at Tutwiler, the Court must evaluate

3

current circumstances, not historical allegations or instances that do not reflect the current operations at Tutwiler.  Cason, 231 F.3d at 784 (holding that "if there is a 'current and ongoing' violation, the question becomes whether the prospective relief meets the need-narrowness-intrusiveness requirements at the time of the court's inquiry in response to the motion to terminate").

7.    To establish an Eighth Amendment constitutional violation based on unsafe prison conditions, Plaintiffs must show both an objectively substantial risk of serious harm and that officials acted with deliberate indifference, meaning they subjectively knew of a substantial risk and disregarded it by failing to take reasonable measures.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  A defendant is not liable if he responded reasonably to the risk. (Id. at 844-45).  The Eleventh Circuit recently clarified that the criminal recklessness standard set forth in Farmer governs the deliberate indifference analysis.  Wade v. McDade, 106 F.4th 1251 (11th Cir. 2024) (*en banc*).

8.    As evidenced by the Internal Monitor's recent compliance reports, the current and ongoing conditions at Tutwiler reflect conditions that far exceeds constitutional standards; accordingly, the Court should terminate the Remaining Provisions of the Consent Decree and all related court oversight and monitoring.

9.    Even if Plaintiff could demonstrate the existence of a "current and ongoing" constitutional violation with respect to the Remaining Provisions at

4

Tutwiler, Plaintiff still must demonstrate that each provision of the Consent Decree satisfies the PLRA's needs-narrowness-intrusiveness requirements. 18 U.S.C. § 3626(b)(3); Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1279 (11th Cir. 2020) ("[I]f a district court's injunction grants 15 separate forms of relief, the court must make—and explain—15 separate PLRA-related findings."). Plaintiff cannot demonstrate that the provisions of the Consent Decree represent the minimum relief necessary to correct a constitutional violation because no such violations exist.

10. Based on the Compliance Reports of the Internal Monitor, the evidence establishes that the State satisfied the Remaining Provisions of the Consent Decree with sustained substantial compliance for the requisite review periods. Further, the evidence establishes that no current and ongoing constitutional violation remains regarding sexual abuse or sexual harassment at Tutwiler. Accordingly, the Consent Decree's own terms require termination.

WHEREFORE, PREMISES CONSIDERED, the State respectfully requests that this Court terminate the Remaining Provisions of the Consent Decree.

Dated: April 10, 2026.

/s/ William R. Lunsford
William R. Lunsford
*One of the Attorneys for the State*

5

William R. Lunsford
Kenneth S. Steely
Megan M. Everett
Lynette E. Potter
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, AL 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
kenneth.steely@butlersnow.com
megan.everett@butlersnow.com
lynette.potter@butlersnow.com

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this 10th day of April, 2026:

James Joseph DuBois
**U. S. ATTORNEY'S OFFICE**
P.O. Box 197
Montgomery, AL 36101
Telephone: (334) 223-7280
james.dubois2@usdoj.gov

Stephen D. Wadsworth
**U. S. ATTORNEY'S OFFICE**
131 Clayton Street
Montgomery, AL 36104
Telephone: (334) 223-7280
Stephen.Wadsworth@usdoj.gov

Kerry Krentler Dean
**U.S. DEPARTMENT OF JUSTICE**
**CIVIL RIGHTS DIVISION**
950 Pennsylvania Avenue NW
4con, 10th Floor
Washington, DC 20530
Telephone: (202) 532-5816
kerry.k.dean@usdoj.gov

Christopher N. Cheng
**U.S. DEPARTMENT OF JUSTICE**
**CIVIL RIGHTS DIVISION**
4 Constitution Square
150 M. Street NW
Suite 10.1128
Washington, DC 20530
Telephone: (202) 353-5012
Christopher.Cheng@usdoj.gov

Ashley N. Light
**U.S. DEPARTMENT OF JUSTICE**
**CIVIL RIGHTS DIVISION**
**SPECIAL LITIGATION SECTION**
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 718-2258
Ashley.Light@usdoj.gov

*/s/ William R. Lunsford*
Of Counsel

7