IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:15cv368-MHT |
| | ) | (WO) |
| STATE OF ALABAMA and | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER TERMINATING PORTIONS OF THE CONSENT DECREE

Defendants State of Alabama and Alabama Department of Corrections have filed a motion under 18 U.S.C. § 3626(b)(1)(A)(i) to terminate the remaining portions of the consent decree entered in this case, specifically, Sections III.C.1-2 and Sections III.K.2, III.K.5-9, III.K.12, and III.K.14-16. Plaintiff opposes termination of the opening paragraph of Section III.C. and Sections III.C.2.i-vii, but does not oppose

termination of Sections III.C.1, III.C.2.viii-x, and III.K.2, 5-9, 12, 14-16.*

Accordingly, it is ORDERED that:

(1) Based upon plaintiff's written consent, the defendants' motion to terminate the consent decree (Doc. 207) is granted as to only Sections III.C.1, III.C.2.viii-x, and III.K.2, 5-9, 12, 14-16 of the consent decree (Doc. 11), and those provisions are immediately terminated. The motion remains pending as to the other provisions sought to be terminated.

(2) Any and all monitoring activities with respect to the terminated sections may cease immediately upon entry of this order. The plaintiff may still obtain information relevant to the opening paragraph of Section III.C and Sections III.C.2.i-vii.

---

* In a footnote of their termination response, plaintiff asked the court to "consider" a conditional dismissal of the Section K provisions. Resp. to Mot. for Termination (Doc. 213) at 6-7 n.5. While the court found the plaintiff's footnote somewhat confounding, the court believes that a straightforward approach to termination is more workable. However, if plaintiff wishes to press this argument, it can request

2

(3) The remaining provisions of the consent decree shall not be affected or altered in any way as a result of this order, though the court makes no ruling regarding the efficacy or necessity of such remaining provisions at this time.

(4) The plaintiff shall retain all currently existing rights under the consent decree regarding access to the facility, documents, information, inmates, and personnel, provided such access is "reasonably necessary to evaluate compliance with [the consent decree]" pursuant to consent decree Section VII.A.

(5) For the reasons stated above, the order contains no additional findings under the Prison Litigation Reform Act (42 U.S.C. § 1997(e)).

DONE, this the 8th day of May, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

reconsideration with a full explanation of its position.