IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA,   )
                            )
     Plaintiff,             )
                            )          CIVIL ACTION NO.
     v.                     )           2:15cv368-MHT
                            )               (WO)
STATE OF ALABAMA and        )
ALABAMA DEPARTMENT OF       )
CORRECTIONS,                )
                            )
     Defendants.            )

OPINION AND ORDER POSTPONING AUTOMATIC STAY

Pursuant to the Prison Litigation Reform Act (PLRA), defendants State of Alabama and Alabama Department of Corrections have filed a motion to terminate the consent decree entered in this case. *See* Defs.' Mot. for Termination (Doc. 207); 18 U.S.C. § 3626(b)(1)(A)(i).  The PLRA imposes a mandatory stay of any prospective relief 30 days after a motion to terminate that relief is filed, continuing until the motion is resolved.  *See* 18 U.S.C. § 3626(e)(2)(A)(i). Because the State filed its motion on April 10, 2026, the mandatory stay is scheduled to take effect on May

10.   The court may postpone this automatic stay for up to 60 days for good cause, as long as the postponement is not made to accommodate "general congestion of the court's calendar."  18 U.S.C. § 3626(e)(3).

Now before the court is the plaintiff's motion for postponement.  For the reasons below, the court finds that good cause exists to postpone the operation of the automatic stay for 60 days.  The stay set to begin on May 10 will start on July 29 instead.

## I.   BACKGROUND

Pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997 *et seq.*, plaintiff United States of America filed this lawsuit naming as defendants the State of Alabama and the Alabama Department of Corrections, claiming that the State has subjected prisoners at the Julia Tutwiler Prison for Women to an ongoing and systemic practice of sexual abuse and sexual harassment in violation of the Eighth Amendment.  The court has jurisdiction over this action

2

under 28 U.S.C. §§ 1331 (federal question) and 1345 (proceeding commenced by United States).

On June 18, 2015, the court adopted the terms of the parties' settlement agreement as a consent decree. *See United States v. Alabama*, NO 2:15cv368-MHT, 2015 WL 3796526, at *1 (M.D. Ala. June 18, 2015) (Thompson, J.); Consent Decree (Doc. 11). For the past eleven years, this court has overseen monitoring of the State's compliance with the consent decree. Portions of the consent decree were terminated on October 4, 2024, following a joint motion from the parties. *See* Order Terminating Portions of the Consent Decree (Doc. 152).

On April 10, 2026, the defendants moved to terminate the remainder of the consent decree. Plaintiff agreed that some additional provisions should be terminated, and the court has now terminated the relevant provisions. Plaintiff opposes termination of the remainder of the consent decree and has moved to postpone the PLRA's automatic stay.

3

## II.  LEGAL STANDARD

As mentioned above, the PLRA permits district courts to postpone the operation of the automatic stay mandated by 18 U.S.C. § 3626(e)(2)(A) for up to 60 days "for good cause." § 3626(e)(3).  There is little case law interpreting this provision, but what exists suggests that the threshold for finding good cause is not high.  "Most district courts to consider the issue have required a simple showing of some 'evidence of ongoing constitutional violations.'"  *United States v. Hinds Cnty.*, No. 3:16-CV-489-CWR-RHWR, 2022 WL 351673, at *1 (S.D. Miss. Feb. 4, 2022) (Reeves, J.) (quoting *Braggs v. Dunn*, No. 2:14cv601-MHT, 2020 WL 5735086, at *4–5 (M.D. Ala. Sept. 24, 2020) (Thompson, J.)).

## III.  DISCUSSION

Plaintiff argues that good cause exists because the present record contains evidence of current and ongoing violations of federal rights at Tutwiler.  It also notes that a stay would interfere with its ability to gather evidence needed to oppose termination.  The

4

defendants argue that good cause requires more than a "general contention that current and ongoing violations exist[]" in part because "if a party could provide mere *allegations* of ongoing constitutional violations rather than *evidence* of such violations, then good cause would exist in *every case* where any party objects to termination." Defs.' Resp. to Mot. to Postpone PLRA Automatic Stay (Doc. 221) at 5, 7 (quoting *Duvall v. Moore*, No. 94-cv-02541-MJM, Doc. 994 (D. Md. Aug. 27, 2025) (Maddox, J.) and *Balla v. Idaho State Bd. of Corr.*, No. 1:81-cv-01165-BLW, 2019 WL 9831023 (D. Idaho Apr. 18, 2019) (Winmill, J.)).

However, contrary to the defendants' contention, plaintiff has not provided "mere allegations" only. Plaintiff provided evidence of a substantiated rape allegation made against a prison supervisor in January 2025, and evidence that Tutwiler remains chronically understaffed. Plaintiff has therefore alleged "current and ongoing constitutional violations which are at least partially substantiated by evidence." *S.H. v.*

5

*Reed*, No. 2:04-CV-1206, 2012 WL 13118333, at *3 (S.D. Ohio Dec. 28, 2012) (Marbley, J.) (finding good cause based on facts contained in a monitor's report but noting the need for further fact-finding).

To the extent that the defendants argue good cause requires more than <u>some</u> evidence of ongoing violations, the court disagrees. Congress excluded only "general congestion of the court's calendar" from good cause. § 3626(e)(3). Nothing in the plain text of the statute or the legislative history indicates that Congress intended to impose a burdensome showing such as likelihood of success on the merits or some other standard akin to a preliminary injunction. *See* H.R. Rep. No. 105-405 at 133 (1997) (Conf. Rep.), 1997 WL 705004, at *114 (noting merely that the good cause provision was added "to provide the courts additional time (60 days) to rule on motions to terminate before the automatic stay takes effect"). Rather, Congress "chose to give the court broad discretion, so long as 'good cause' is something more than a full court

6

calendar." *S.H.*, 2012 WL 13118333, at *2.*  Partial substantiation of the allegations is therefore sufficient to meet the good cause standard because "[i]t burdens plaintiffs to adduce evidence sufficient to make an allegation of a current constitutional violation, but does not prematurely require them to show a likelihood of success on the merits." *Id.* Requiring more would collapse the preliminary finding of good cause with the merits stage of a termination motion, thereby negating the purpose of the 60-day extension.

Moreover, courts have recognized that a plaintiff's need to gather and present evidence can support good cause. *See Skinner v. Uphoff*, 410 F. Supp. 2d 1104, 1112 (D. Wyo. 2006) (Brimmer, J.).  Here, plaintiff's primary method for gathering evidence is directly tied

---

* This is not to say that just any reason other than "general congestion of the court's calendar" will suffice to create good cause, § 3626(e)(3), or even that all reasons carry equal weight.  Courts must give due consideration to the facts and circumstances of a particular case when deciding what constitutes good cause to postpone the automatic stay.

to the consent decree.  Plaintiff is currently waiting for documents that are routinely provided through monitoring.  If the stay took effect, monitoring would cease, and plaintiff would have to resort to discovery proceedings to obtain documents to which it is currently entitled.  Postponing the stay will help to ensure that plaintiff has quick and unencumbered access to the evidence it needs to present its case.

Finally, the court notes that the already rapid timeline of the PLRA was further compressed by the defendants' own actions.  The court ordered the defendants to file a reply by May 1, and they requested a five-day extension.  The court granted that request, but noted in its order that the extension "leaves the court with significantly less time to consider the motion to terminate before the automatic stay kicks in."  Order Extending Time to Reply (Doc. 219) at 2.

For the reasons set forth above, the court finds that good cause exists to postpone implementation of the automatic stay.

8

***

Accordingly, it is ORDERED that:

(1) Plaintiff United States of America's motion to postpone the stay (Doc. 214) is granted. The automatic stay of the remaining provisions of the consent decree will be postponed by 60 days under 18 U.S.C. § 3626(e)(3).

(2) The remaining, disputed provisions of the consent decree will be stayed on July 29, 2026, unless the court finds before then that the relief meets the requirements of 18 U.S.C. § 3626(b)(3) or terminates the relief.

DONE, this the 8th day of May, 2026.

<u>    /s/ Myron H. Thompson    </u>
UNITED STATES DISTRICT JUDGE