**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-00368-MHT-CWB |
| | ) | |
| STATE OF ALABAMA AND | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO WITHDRAW UNITED STATES' OPPOSITION TO TERMINATION OF
THE REMAINING PROVISIONS OF THE CONSENT DECREE**

Pursuant to Federal Rule of Civil Procedure 60(b)(5), the United States moves this Court for permission to withdraw its opposition to terminating the remaining provisions of the Consent Decree. *See* United States' Response to the State's Motion to Terminate the Consent Decree, Doc. 213 (April 14, 2016) (U.S. Response); State's Motion to Terminate the Consent Decree, Doc. 207 (April 10, 2026) (PLRA Motion). Those remaining provisions are Consent Decree, Secs. III.C. Introductory Paragraph and III.C.2.i-vii, Doc. 11 (June 18, 2015). If the Court terminates these provisions, the Court should also dismiss this case with prejudice.

In support of this Motion, the United States says:

1. Federal Rule of Civil Procedure 60(b)(5) allows relief from a judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . .."

2. The State moved to terminate the Consent Decree and dismiss this case pursuant to the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626(b)(1)(A)(i).

3.      The United States objected to dismissal on the grounds that the State had not yet complied with the Consent Decree's staffing requirements.

4.      The Court set a discovery schedule and a hearing to begin on September 3, 2026 to assess whether "prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation." Order, Doc. 230 (May 15, 2026).

5.      The Order also included a June 5, 2026 deadline for the State to produce documents requested by the United States.

6.      The State has produced documents in response to the scheduling Order and the latest Internal Monitor's report. *See* Twenty-First Compliance Report, Doc. 234-1 (July 8, 2026). The documents include additional information about the State's efforts to continue reforms, including efforts to fill vacancies, improve camera coverage, and continue with past efforts to prevent and respond to sexual abuse and harassment.

7.      Based upon this new information, the United States no longer believes it is in the public interest to oppose the PLRA Motion.

8.      While staffing remains a concern for Tutwiler, it is not apparent that staffing levels are currently causing egregious or flagrant conditions which deprive prisoners of their rights under the Constitution and Federal law, pursuant to a pattern or practice of resistance to prisoner enjoyment of their rights, causing such prisoners grievous harm within the meaning of the Civil Rights of Institutionalized Persons Act, 42

U.S.C. § 1997 et seq. Also, the original purpose of this case was to implement measures needed to reduce sexual abuse and harassment. The Consent Decree should be interpreted considering that purpose and is not a general remedy for other potential constitutional claims.

9. The United States therefore agrees with the State that the Court should relieve the State from the terms of the Consent Decree, because it is no longer equitable to retain such relief.

WHEREFORE, the United States respectfully requests this Court terminate the remaining Consent Decree provisions and dismiss this case with prejudice. A Proposed Order is attached. The United States provided a draft to the State, and the parties have conferred. The State will need time to confirm whether to agree to the Proposed Order but has no objection to the United States attaching the Proposed Order to its Motion.

Respectfully submitted this 15th day of July 2026.

FOR THE UNITED STATES:

HARMEET K. DHILLON
Assistant Attorney General

PATRICK MCCARTHY
Acting Chief
Civil Rights Division
Special Litigation Section

James J. Dubois
Chief, Civil Division
UNITED STATES ATTORNEY'S OFFICE
MIDDLE DISTRICT OF ALABAMA
131 Clayton Street
Montgomery, AL 36104
Office: (334) 551-1714
james.dubois2@usdoj.gov

/s/ Christopher N. Cheng
Christopher N. Cheng (PA Bar #69066)
Ashley N. Light
Trial Attorneys
U.S. DEPARTMENT OF JUSTICE
SPECIAL LITIGATION SECTION
CIVIL RIGHTS DIVISION
4 Constitution Square
150 M. Street N.E.
Washington, D.C. 20530
Phone: (202) 353-5012
christopher.cheng@usdoj.gov

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via electronic mail on all parties on July 15, 2026:

William R. Lunsford
Daniel J. Chism
Megan M. Everett
Lynnette E. Potter
Butler Snow LLP
200 West Side Square, Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
daniel.chism@butlersnow.com
lynette.potter@butlersnow.com
megan.everette@butlersnow.com

/s/ Christopher N. Cheng
Christopher N. Cheng (PA Bar #69066)
U.S. Department of Justice
Special Litigation Section
Civil Rights Division
4 Constitution Square
150 M. Street N.E.
Washington, D.C. 20530
Phone: (202) 353-5012
christopher.cheng@usdoj.gov
Attorney for Plaintiff